JS-6

1  Steven C. Smith, Esq., SBN 116246
   William D. Chapman, Esq., SBN 100535
2  Robert J. Hadlock, Esq., SBN 174522
   SMITH, CHAPMAN & CAMPBELL
3  A Professional Law Corporation
   1800 North Broadway, Suite 200
4  Santa Ana, CA 92706
   Tel: (714) 550-7720 / Fax: (714) 550-1251
5

6  Attorneys for HAROLD L. BOSTICK, Plaintiff

7

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

10

11 HAROLD L. BOSTICK,                    )  Case No.  2:04 CV-9210 VBF (PLAx)
                                         )
12              Plaintiff,               )
                                         )  Honorable Valerie Baker Fairbank
13       vs.                             )  Courtroom 9
                                         )
14 ATLANTIC MUTUAL INSURANCE             )
   COMPANY,                              )  **JUDGMENT**
15                                       )
                Defendant.               )  Complaint Filed:   9/1/04
16 ——————————————————————               )  Trial Date:       11/5/08

17

18     This action came regularly for trial on November 5, 2008, in Courtroom 9 of the

   Central District of California, Los Angeles, United States District Court, the Honorable
19
   Valerie Baker Fairbank, Judge presiding; the Plaintiff Harold Leon Bostick appearing
20
   by attorneys Steven C. Smith and William D. Chapman of Smith, Chapman &
21
   Campbell, Plaintiff Flex Equipment Company, Inc. appearing by attorney James Kristy,
22
   of The Law Offices of James Kristy, Defendant Atlantic Mutual Insurance Company
23
   appearing by attorneys Gary Selvin and Curtis Ogilvie of Selvin Wraith Halman LLP.
24
       A jury of nine was regularly impaneled and sworn.  Witnesses were sworn and
25
   testified. With respect to the Bostick case (CV04-9210), the trial was bifurcated with
26
   respect to liability and damages.  After hearing the evidence and arguments of counsel,
27
   the jury was duly instructed by the Court and the cause was submitted to the jury with
28
   directions to return a verdict on special issues on the liability phase.    The jury

deliberated and thereafter returned into court with its verdict which consisted of the special issues submitted to the jury and the answers given thereto by the jury, which was in words and figures as follows, to wit:

We, the jury in the above-entitled action, find the following Special Verdict on the questions submitted to us:

Question No. 1: Did Atlantic Mutual Insurance Company breach the duty of good faith and fair dealing it owed to Flex Equipment Company, Inc.?

Answer "yes" or "no."

Answer: Yes.

After the verdict was returned, evidence was heard on the issue of damages. The Court granted a Rule 50 Motion for Judgment as a Matter of Law against Bostick on the limited issue of attorneys' fees on the bad faith claim. The Court also ruled that any credit to which Atlantic Mutual was entitled for payments made to Bostick would be reduced from the interest, not the principal.  Bostick and Atlantic Mutual agreed, in consideration of the Court's rulings, the excess verdict with interest, and applying all credits, totaled $9,821,719 (the "excess verdict").  The parties further agreed that there were no further issues of fact, that the matter need not be submitted to the jury, and that judgment could enter forthwith in the amount of the excess verdict.

IT IS JUDGED, AND DECREED:

That judgment should be entered in favor of Plaintiff Leon Bostick and against Atlantic Mutual Insurance Company in the amount of $9,821,719.00, plus costs of $_____.  Interest shall accrue at the legal rate from November 19, 2008.

DATED: December 1, 2008

Honorable Valerie Baker Fairbank
Judge of the United States District Court